UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ABIODUN ADELEKE,

                 Plaintiff,

       v.

SUFFOLK COUNTY POLICE DEPARTMENT;
and DANIANN STAPLETON *as legal
successor to James Stapleton*,

                 Defendants.
--------------------------------------------------------X

                    **REPORT AND
                    RECOMMENDATION**

                    21-CV-03681 (GRB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

     *Pro se* plaintiff Abiodun Adeleke ("Plaintiff") commenced this action on June 9, 2021 under

42 U.S.C. Section 1983 ("Section 1983") alleging defendants Suffolk County Police Department

("SCPD") and SCPD Detective James Stapleton violated Plaintiff's Fourth and Fourteenth

Amendment rights in connection with Plaintiff's arrest on June 19, 2018.  *See* Electronic Case File

Number ("ECF No.") 1 ("Complaint" or "Compl.").  On August 29, 2022, Plaintiff filed a First

Amended Complaint adding (1) Section 1983 claims asserting Fifth and Sixth Amendment violations

in connection with the June 19, 2018 arrest, and (2) factual allegations regarding an earlier May 29,

2018 arrest.  *See* ECF No. 41 ("FAC").  On August 30, 2022, the Court construed the FAC as a

motion for leave to file the FAC (the "Motion").  *See* August 30, 2022 Electronic Schedule Order.

For the reasons set forth herein, the undersigned respectfully recommends that the Court (1) deny

Plaintiff's Motion with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 15 and

(2) dismiss Plaintiff's existing claims against the SCPD *sua sponte* with prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

# I.    BACKGROUND

## A.    Relevant Alleged Facts.

On May 29, 2018, unspecified SCPD officers followed and stopped a 2018 Nissan Frontier with Plaintiff inside the vehicle in Suffolk County, New York.  FAC ¶ 5.  The officers arrested Plaintiff and seized his cellular phones "without a warrant" (the "First Arrest").  *Id*.  Plaintiff was released the same day but was "denied the return of his cellular phones" even though, according to Plaintiff, he was not charged in connection with that arrest.  *Id*.

A similar event allegedly occurred the following month.  On June 19, 2018, defendant SCPD Detective James Stapleton ("Detective Stapleton") stopped the same Nissan Frontier in Suffolk County, New York while Plaintiff was in its front passenger seat.  Compl. ¶ 4.  After reportedly finding heroin in the vehicle, Detective Stapleton arrested Plaintiff (as well as the driver, Christina Delciello) and seized Plaintiff's blue Alcatel cellphone (the "Second Arrest").[1]  *Id*.; *id*. at 11-13. Plaintiff was transported to the SCPD's Fourth Precinct and charged with criminal possession of a controlled substance in the seventh degree pursuant to New York Penal Law Section 220.03.  *Id*. ¶ 4. "Plaintiff was released the same day" without the phone, even though Plaintiff asked Detective Stapleton to return it, and the "charge was subsequently dismissed in Suffolk County Court." FAC ¶ 3; Compl. ¶¶ 4, 11, 16.

## B.    Relevant Procedural History

On June 9, 2021, Plaintiff, who is now incarcerated at the Attica Correctional Facility, commenced this action by placing the Complaint for mailing to this Court.[2]  ECF No. 1-2.  On June 29, 2021, the Court received the Complaint.  *See* Compl. at 1.  The Complaint asserted that Detective

---

[1] Citations to the Complaint's exhibits refer to the ECF page numbering stamped at the top of each page therein. *See Parker v. Fantasia*, 425 F. Supp. 3d 171, 179 n.6 (S.D.N.Y. 2019) (using this method).

[2] "Under the prison mailbox rule, a *pro se* prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court."  *Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)).

Stapleton and the SCPD ("Defendants") violated Plaintiff's Fourth and Fourteenth Amendment rights during the Second Arrest when Detective Stapleton reportedly "seized plaintiff['s] cell phones against his will without a warrant or oath or affirmation to do so" and "falsely arrested plaintiff and [falsely] stated in his report that the plaintiff 'was found to be in possession of a quantity of heroin.'"  Compl. ¶¶ 7-8.   Plaintiff seeks $40,000,000 in damages in connection with this incident.  Compl. ¶¶ 21-23.

On July 19, 2021, Plaintiff moved for leave to proceed *in forma pauperis*.  ECF No. 5.  On August 17, 2021, District Judge Gary R. Brown granted that motion.  ECF No. 7.

On September 13, 2021, Detective Stapleton answered the Complaint.  ECF No. 12.  On December 23, 2021, Detective Stapleton's counsel filed a Suggestion Of Death On The Record indicating pursuant to Rule 25(a)(1) and (2) that Detective Stapleton died during the pendency of this action.  ECF No. 21.  On February 22, 2022, Plaintiff moved to continue the action against Detective Stapleton.  ECF No. 23.  On April 8, 2022, defense counsel reported that Detective Stapleton's wife, Daniann Stapleton, "is the appropriate party to be substituted as legal successor to James Stapleton for the purposes of th[is] matter and she has advised . . . that she consents to being substituted as the Defendant in that capacity only."  ECF No. 24.  On April 13, 2022, Judge Brown granted Plaintiff's motion to continue and substituted Daniann Stapleton as the legal successor to Detective Stapleton in this action under Rule 25.  *See* April 13, 2022 Order.

On August 11, 2022, the undersigned set a schedule providing (among other things) that any motion or stipulation to amend the Complaint must be filed by September 15, 2022.  ECF No. 37. That schedule also reminded Plaintiff that any motion to amend must comply with the undersigned's Individual Practice Rule VI regarding motion practice.  *Id*.

On August 23, 2022, Plaintiff mailed the FAC to the undersigned, the Clerk of the Court, and Defendants' counsel.  *See* FAC at 4.  On August 29, 2022, the Clerk of the Court received and filed the FAC, which seeks to add (1) factual allegations regarding the First Arrest, and (2) claims under

Section 1983 asserting the Second Arrest violated Plaintiff's rights under the Fifth and Sixth

Amendments.  *Compare* FAC *with* Compl.  In response, the Court issued an order noting several

deficiencies in Plaintiff's filing of the FAC:

> Pro se Plaintiff filed [the FAC] in violation of (1) Fed. R. Civ. P. 15 (requiring Plaintiff to seek leave of the Court or Defendants' consent prior to filing an amended complaint), (2) the undersigned's Individual Practice Rule VI (requiring that Plaintiff file a letter motion to amend the complaint and certify therein that he complied with his meet and confer efforts before filing the letter motion), and (3) the Court's 8/11/22 Order at [ECF No.] 37 ("Plaintiff is reminded that any motion to amend the complaint must comply with the undersigned's Individual Practice Rule VI").

August 30, 2022 Electronic Scheduling Order.  Nonetheless, the Court extended *pro se* Plaintiff the

courtesy of interpreting the FAC as a motion for leave to amend the Complaint under Rule 15.  *Id*.

Defendants filed their opposition to the FAC on September 21, 2022.  ECF No. 42 ("Opp.").  Plaintiff

filed a reply in support of the FAC on October 3, 2022.  ECF No. 43 ("Reply").

## II.    LEGAL STANDARDS

### A.    Amending The Complaint

Plaintiff's August 23, 2022 mailing of the FAC, which the Court construed as a motion to

amend, precedes the Court-ordered September 15, 2022 deadline after which proposed amendments

must show "good cause" to be permitted.  *See* ECF No. 37 (setting schedule for, among other things,

amendment of pleadings); FAC at 4 (asserting Plaintiff mailed the FAC on August 23, 2022); August

30, 2022 Electronic Scheduling Order (construing FAC as a motion to amend).  The FAC is thus

subject to analysis under Rule 15(a)(2), which governs amendments after the period to amend as of

right has expired but before the date set in an order after which amendments will be denied absent a

showing of good cause.  *See Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).

Rule 15 provides that a party may amend its pleading with leave of the Court, and the Court

"should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The rule in this Circuit

has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of

prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). Leave to amend

also may be denied based on the futility of the proposed amendment. *See, e.g.*, *Chunn v. Amtrak*, 916

F.3d 204, 208 (2d Cir. 2019); *Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 571 (E.D.N.Y.

2019). "The opposing party likewise bears the burden of establishing that an amendment would be

futile." *Seemann v. Coastal Env't Grp., Inc.*, 219 F. Supp. 3d 362, 366 (E.D.N.Y. 2016). Absent one

of these showings, "the leave sought should, as the rules require, be freely given." *Chan v. City of

New York*, No. 19-CV-7239, 2021 WL 6502292, at *3 (E.D.N.Y. Dec. 29, 2021) (quoting *Foman v.

Davis*, 371 U.S. 178, 182 (1962)).

The undersigned may issue a report and recommendation on a dispositive issue where, as here,

the parties have not consented to the magistrate judge's jurisdiction. *See* 28 U.S.C § 636(b)(1). While

granting a motion to amend is considered non-dipositive, denying same "may be construed as

dispositive." *Simmons v. Casella*, No. 14-CV-4491, 2020 WL 1026798, at *2 (E.D.N.Y. Mar. 3,

2020) (Brown, J.); *see Romero v. Bestcare, Inc.*, No. 15-CV-7397, 2018 WL 1702001, at *1

(E.D.N.Y. Feb. 28, 2018) (Brown, M.J.) (holding that determining amendment would be futile "is

substantively claim dispositive"), *report and recommendation adopted*, 2018 WL 1701948 (E.D.N.Y.

Mar. 31, 2018). Accordingly, this Report and Recommendation complies with Section 636(b)(1).

### B.    Plaintiff's Section 1983 Claims

Section 1983 provides that

> Every person who, under color of any statue, ordinance, regulation, custom or usage, of any
> State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured.

42 U.S.C. § 1983. "It is well-settled that § 1983 does not create a federal right or benefit; it simply

provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Bd. of

Educ.*, 423 F.3d 153, 159 (2d Cir. 2005); *see Moroughan v. Cnty. of Suffolk*, 514 F. Supp. 3d 479, 511

(E.D.N.Y. 2021) ("Section 1983 does not itself create substantive rights; it offers a method for

vindicating federal rights elsewhere conferred" (internal quotations omitted)).

### C.    Plaintiff's *Pro Se* Status

*Pro se* Plaintiff is entitled to "special solicitude" when the court reviews the instant motion to amend.  *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)); *see Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 69 (2d Cir. 1998) (holding that under Rule 15 "a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim" (internal quotations omitted)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotations omitted)).  To that end, the Court must "liberally construe" Plaintiff's filings and "read[] such submissions to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild For The Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).  This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *McLeod*, 864 F.3d at 156 (quoting *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)). Nonetheless, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Peavey v. A. Rosenblum, Inc.*, 793 F. Supp. 2d 590, 594 (E.D.N.Y. 2011) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law.").  Accordingly, the duty to liberally construe *pro se* filings "is not the equivalent of a duty to re-write [them]." *Williams v. Richardson*, 425 F. Supp. 3d 190, 201 (S.D.N.Y. 2019) (internal quotations omitted). Ultimately, Plaintiff's motion—liberally construed—must still comply with Rule 15.  *See e.g.*, *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 737 (S.D.N.Y. 2011) (denying *pro se* plaintiff's

motion to amend for noncompliance with Rule 15).

## III.    DISCUSSION

Defendants contend that the amendments in the FAC are futile because (1) the new allegations regarding the First Arrest are untimely and barred by "the doctrines of collateral estoppel and/or res judicata," and (2) the new claims regarding the Second Arrest are likewise untimely.  Opp. at 1-2.

An amendment is futile if it "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (internal quotations omitted).  Under Rule 12(b)(6), a court determines whether a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To that end, the Court accepts as true the well-pled factual allegations set forth in the FAC and draws all reasonable inferences in Plaintiff's favor.  *See Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1076 (2d Cir. 2021).  But the Court need not accept conclusory assertions, legal conclusions, or formulaic recitation of a claim's elements.  *See In re Facebook, Inc., IPO Derivative Litig.*, 797 F.3d 148, 159 (2d Cir. 2015).  To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 664.  The FAC must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Id*. at 678.  Determining whether the new content propounded in the FAC state a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 664.   At bottom, "[l]eave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim . . . ."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010); *see Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (affirming denial of *pro se* plaintiff's motion to amend as futile).

## A.    Timeliness Of The Amendments

"Courts may deny a motion to amend where the proposed claims would be time-barred and therefore futile." *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 68 (E.D.N.Y. 2014); *see 421-A Tenants Ass'n v. 125 Court St. LLC*, 760 F. App'x 44, 51 (2d Cir. 2019) (affirming denial of motion to amend where proposed amendments sought to assert time barred claims); *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (affirming denial of cross-motion to amend as to time barred claims).  Claims are futile as untimely when "the dates in a complaint show that an action is barred by a statute of limitations." *Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021) (quoting *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)); *see Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (recognizing that a court "may dismiss a claim on statute-of-limitations grounds at the pleadings stage if the complaint clearly shows the claim is out of time" (internal quotations and alterations omitted)).  Generally, "the date of the filing of the motion to amend is the date the action was commenced for statute of limitations purposes since the defendant is on notice of the new claims as of the filing of the motion." *Charlot*, 97 F. Supp. 3d at 69 (internal quotations and alterations omitted).

State law governs the limitations period for Section 1983 claims, which means Plaintiffs' claims are subject to New York's three-year limitations period for personal injury actions.  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).  At the same time, "[f]ederal law determines when a section 1983 cause of action accrues." *Hogan*, 738 F.3d at 518 (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)).  Generally, a Section 1983 false arrest claim "accrues at the time that the alleged false arrest ends." *Ying Li v. City of N.Y.*, 246 F. Supp. 3d 578, 601 (E.D.N.Y. 2017); *see Wallace v. Kato*, 549 U.S. 384, 389 (2007) (holding that a false arrest claim accrued when the "false imprisonment came to an end" (internal quotations omitted)).  "[W]here the arrest is followed by criminal proceedings," which

applies here to only the Second Arrest, a false arrest claim accrues when "the claimant becomes detained pursuant to legal process" at arraignment. *Wallace*, 549 U.S. at 389-90, 397. As noted above, Plaintiff "was released the same day" for both the First Arrest and Second Arrest. FAC ¶ 5. Accordingly, "Plaintiff's false arrest claim[s] accrued on [each] date he was arrested."[3] *Lont v. Roberts*, No. 12-CV-4960, 2013 WL 1810759, at *2 (E.D.N.Y. Apr. 26, 2013); *see Johnson v. Dep't of Hous. Pres. & Dev.*, 218 F. App'x 5, 6-7 (2d Cir. 2007) (finding false arrest claim time-barred based on the date of arrest); *Crichlow v. Butchen*, No. 09-CV-4398, 2009 WL 4266711, at *3-4 (E.D.N.Y. Nov. 20, 2009) (finding that the accrual of a Section 1983 false arrest claim depended on the date of arrest). Plaintiff's claims concerning the seizure of his cellphones likewise accrued on each date he was arrested.[4] *See Tripathy v. City of New York*, No. 1:20-CV-1646, 2020 WL 1699997, at *2 (S.D.N.Y. Apr. 6, 2020) (holding that unreasonable seizure claims accrued on the date of the seizure); *Smith v. Doe*, No. 15-CV-0245, 2016 WL 7046803, at *2 (E.D.N.Y. Oct. 31, 2016) (same), *report and recommendation adopted*, 2016 WL 7048700 (E.D.N.Y. Dec. 2, 2016).

Based on the foregoing, Plaintiff's Section 1983 claims (1) concerning the First Arrest accrued on May 29, 2018 and expired no later than May 29, 2021; and (2) concerning the Second Arrest accrued on June 19, 2018 and expired no later than June 19, 2021. Plaintiff's mailing of the FAC on August 23, 2022 for filing postdated each of those expiration dates by over one year. *See* FAC at 4. "While Plaintiff is *pro se*, 'the special solicitude extended to *pro se* parties does not serve to expand statutory limitations periods.'" *Johnson v. Wendy's Corp.*, No. 19-CV-8157, 2021 WL 243055, at *4

---

[3] The Court infers that Plaintiff was arraigned in connection with the Second Arrest before he was released. *See Ying Li*, 246 F. Supp. 3d at 601 & n.14 (finding that Plaintiff was "clearly" arraigned prior to release notwithstanding the absence of allegations concerning arraignment); *Smith v. City of New York*, No. 12-CV-4891, 2013 WL 5942224, at *3 (S.D.N.Y. Nov. 6, 2013) (finding plaintiff's false arrest claim accrued the same day he was arrested and charged given the lack of any allegation that Plaintiff "was not arraigned promptly thereafter").

[4] The distinct cause of action for deprivation of property without due process of law, which is not alleged here, accrues when the plaintiff knew or had reason to know of the property deprivation. *Sterngass v. Palisades Interstate Park Comm'n*, 260 F. App'x 395 (2d Cir. 2008); *Tripathy*, 2020 WL 1699997, at *2. Even if Plaintiff alleged that cause of action, the undersigned would find such claims accrued on the dates Plaintiff was arrested.

(S.D.N.Y. Jan. 25, 2021) (quoting *Konteye v. New York City Dep't of Educ.*, No. 17-CV-2876, 2019 WL 4418647, at *12 (S.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 3229068 (S.D.N.Y. July 18, 2019)).  The undersigned finds, for the reasons explained below, that the FAC's First Arrest allegations are time-barred while its new Second Arrest claims are timely.

1.    The First Arrest

Plaintiff contends that the allegations regarding the First Arrest are "not a claim but facts necessary to enable plaintiff to prove plaintiff's cause [of action] against Suffolk County Police Department."  Reply at 1.  That argument fails.  Plaintiff cannot circumvent the limitations period for a Section 1983 claim regarding the First Arrest by tethering those allegations to an existing claim regarding a separate occurrence (the Second Arrest).  *See Morales v. Valley Stream Union Free Sch. Dist. 24*, 527 F. Supp. 3d 470, 473 (E.D.N.Y. 2021) (Brown, J.) (dismissing, among other things, "time-barred allegations" levied in an amended pleading in support of an existing claim); *United States ex rel. Raffington v. Bon Secours Health Sys.*, 567 F. Supp. 3d 429, 446 (S.D.N.Y. 2021) (declining to allow amendment to the extent that supporting facts occurred outside the limitations period); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 246 (E.D.N.Y. 2015) (dismissing claims to the extent they relied on time-barred allegations).

Relation back cannot remedy the untimeliness of the FAC's First Arrest allegations.[5]  Rule 15(c)(1)(B) allows a new claim against existing defendants to relate back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  Thus, "even where an amended complaint tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back." *Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding,*

---

[5] The Court considers relation back consistent with its obligation to "liberally construe" Plaintiff's filings and "read[] such submissions to raise the strongest arguments they suggest."  *McLeod*, 864 F.3d at 156.

*Inc.*, 916 F.3d 116, 128 (2d Cir. 2019) (quoting *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006)).  This principle prevents the time-barred First Arrest allegations from relating back to the timely Second Arrest claims.[6]  *See Tang v. Visnauskas*, 847 F. App'x 24, 27 (2d Cir. 2021) (finding new Section 1983 claim did not relate back to the original Section 1983 claim because "the original complaint contained no factual allegations whatsoever regarding the [new] claim"), *cert. denied*, 142 S. Ct. 349 (2021); *Rochester v. Sixth Precinct Police Station*, 370 F. App'x 244, 246 (2d Cir. 2010) ("Although Appellant's claims are similar to those raised in his original complaint—namely, police misconduct and harassment—the claims are nevertheless unrelated because they did not arise out of the same conduct set forth in his original complaint . . . ."); *Diallo v. Williams*, No. 04-CV-4556, 2006 WL 156158, at *3 (S.D.N.Y. Jan. 20, 2006) (finding new allegations about one arrest did not relate back to allegations about a different arrest).  Accordingly, the FAC's allegations concerning the First Arrest are time barred.[7]

### 2.   The Second Arrest

Plaintiff argues that he should be permitted to assert that the Second Arrest violated his Fifth and Sixth Amendment rights even though the limitations period expired because he "was ignorant of" the Fifth and Sixth Amendments until an unspecified time after he filed the Complaint.  Opp. at 1. This argument necessitates analysis under the doctrine of equitable tolling.  *See Watson v. United*

---

[6]   Rule 15(c)(1)(A) requires the Court to "determine if New York State law provides a more forgiving principle of relation back" than the federal relation back doctrine under Rule 15(c)(1)(B).  *Hogan*, 738 F.3d at 518.  New York's relation back statute is N.Y. C.P.L.R. Section 203 (when, as here, relation back does not concern replacing John Doe defendants), but that "New York rule need not be analyzed separately given its similarity to Rule 15(c)(1)(B)" *Morency v. NYU Langone Med. Ctr. Hosp.*, No. 15-CV-9142, 2017 WL 1536057, at *2 n.2 (S.D.N.Y. Apr. 17, 2017), *aff'd sub nom. Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75 (2d Cir. 2018); *see Best v. Bell*, No. 13-C-0163, 2014 WL 1316773, at *10 (S.D.N.Y. Mar. 28, 2014) (finding the New York and federal rules are "nearly identical" and noting that "[t]he driving principle behind both of these rules is that a defendant should not be able to invoke the statute of limitations if he was already on notice of the events giving rise to the plaintiff's claim during the limitations period"); *Scantek Med., Inc. v. Sabella*, 583 F. Supp. 2d 477, 489 (S.D.N.Y. 2008) (holding that the New York and federal rule yield the same result).

[7]   Given that the First Arrest allegations are time barred, the undersigned need not consider Defendants' additional argument that the First Arrest allegations are barred by equitable estoppel and *res judicata*.  *See Harris v. Viau*, No. 17-CV-9746, 2019 WL 1978596, at *7 n.3 (S.D.N.Y. May 3, 2019) ("Because Plaintiff's § 1983 claims are time-barred, the Court need not consider Defendants' remaining arguments.").

*States*, 865 F.3d 123, 132 (analyzing argument that plaintiff was "unaware[] that he could bring an FTCA claim until being advised by appointed counsel" under the equitable tolling doctrine); *Castang v. Geimano*, No. 19-CV-7178, 2020 WL 5531553, at *2 (E.D.N.Y. Sept. 15, 2020) (analyzing plaintiff's argument that he "lacked legal knowledge due to his *pro se* status" under the equitable tolling doctrine).

Equitable tolling allows otherwise time-barred claims to proceed in "cases where the plaintiff is ignorant of his cause of action because of the defendant's fraudulent concealment." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 802 (2d Cir. 2014) (internal quotations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Watson*, 865 F.3d at 132 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Second Circuit has explicitly held that the latter element cannot be premised on a plaintiff's "lack of education, pro se status, or ignorance of the right to bring a claim." *Id.* at 133 (dismissing Section 1983 claims); *see also Ormiston v. Nelson*, 117 F.3d 69, 72 n.5 (2d Cir. 1997) ("Mere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations."). By the same token, "[c]ourts within the Second Circuit consistently have held that the lack of legal knowledge or legal assistance is *not* an extraordinary circumstance warranting equitable tolling." *Bowens v. Cook*, No. 3:20-CV-355, 2020 WL 4043048, at *4 (D. Conn. July 17, 2020) (emphasis added) (collecting cases); *see Rush v. Lempke*, No. 09-CV-3464, 2011 WL 477807, at *7 (E.D.N.Y. Feb. 2, 2011) (Bianco, J.) (collecting cases showing that "the lack of familiarity with the law or *pro se* status alone does not warrant equitable tolling"), *aff'd*, 500 F. App'x 12 (2d Cir. 2012). Accordingly, Plaintiff's stated "ignoran[ce]" does not warrant equitable tolling for the FAC's claims asserting the Second Arrest violated his Fifth and Sixth Amendment rights. *See Watson*, 865 F.3d at 133 (reversing application of equitable tolling as improperly based on plaintiff's ignorance of the law and *pro se* status); *Castang*,

2020 WL 5531553, at *3 (dismissing claims as time barred because "neither lack of familiarity with the law nor a prisoner's inability to hire a lawyer is sufficient to warrant equitable tolling"); *Perez v. Royce*, No. 20-CV-601, 2020 WL 1975244, at *3 (E.D.N.Y. Apr. 24, 2020) (rejecting argument that *pro se* plaintiff's lack of education and unfamiliarity with the law were sufficient to invoke equitable tolling).

But the Court reaches a different result when considering relation back regarding the newly-asserted Second Arrest claims in the FAC.  "For a newly-added claim to relate back under Rule 15(c)(1)(B), 'the basic claim must have arisen out of the conduct set forth in the original pleading.'" *Asarco LLC v. Goodwin*, 756 F.3d 191, 202 (2d Cir. 2014) (quoting *Slayton*, 460 F.3d at 228).  Under that principle, "[t]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading."  *Id.* (quoting *Slayton*, 460 F.3d at 228).  The FAC's Section 1983 claims asserting the Second Arrest violated Plaintiff's Fifth and Sixth Amendment rights are based on the same conduct alleged in the Complaint—namely, the Second Arrest and simultaneous seizure of Plaintiff's cellphone—and thus relate back to the Complaint.  *See Strada v. City of New York*, No. 11-CV-5735, 2014 WL 3490306, at *7 (E.D.N.Y. July 11, 2014) ("[T]here is no question that the new claims, excessive force and false arrest, arise from the same conduct set forth in the original Complaint."); *Mendoza v. Cnty. of Nassau*, No. 11-CV-02487, 2012 WL 4490539, at *12 (E.D.N.Y. Sept. 27, 2012) (finding new claims related back where they arose out of "plaintiff's arrest"); *Berry v. Vill. of Millbrook*, No. 09-CV-4234, 2010 WL 3932289, at *4 (S.D.N.Y. Sept. 29, 2010) (finding Section 1983 claim related back partly because it "arises out of the same conduct alleged in the original and timely filed Complaint—the investigation and arrest of Plaintiff").  Nonetheless, the undersigned finds the FAC's Fifth and Sixth Amendment claims are futile.

**B.    Futility Of The FAC's Proposed Fifth And Sixth Amendment Claims**

The Court may *sua sponte* decline to permit amendment as futile for reasons independent of those provided by Defendants. *See Peterec-Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (affirming *sua sponte* dismissal of claim in *pro se* complaint); *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (affirming district court's denial of motion to amend based on its *sua sponte* finding that the amendment would be futile; confirming that "amendment of the complaint was certain to be unproductive"). Consistent with that principle, the undersigned finds *sua sponte* that the Fifth Amendment and Sixth Amendment claims in the FAC are substantively futile.

"The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (internal quotations omitted). That is, "[t]he Fifth Amendment regulates due process violations by federal, not state or municipal, actors." *Pollok v. Chen*, 806 F. App'x 40, 44 (2d Cir. 2020) (internal quotations omitted); *Brown v. City of New York*, No. 11-CV-1068, 2013 WL 491926, at *4 (S.D.N.Y. Feb. 8, 2013). Therefore, the FAC's "citation to the Fifth Amendment is inapposite" because Defendants are "not federal[] actors . . . ." *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006) (citing *Dusenbery*, 534 U.S. at 167) (dismissing Section 1983 claim); *see Pollok,* 806 F. App'x at 44 (affirming dismissal of Fifth Amendment claims because state and local police are not federal actors); *Brown*, 2013 WL 491926, at *4 (dismissing Fifth Amendment claim against police officers because said officers are "municipal actors" subject to "the Fourteenth Amendment, rather than the Fifth Amendment").

The FAC similarly misplaces its reliance on the Sixth Amendment in support of its claim that the Second Arrest was "unlawful[]" and "lead [sic] to the unlawful seizure of Plaintiff's Blue Alcatel cellular phone." FAC ¶ 7. The Sixth Amendment "provides certain procedural safeguards to

individuals who have been charged with crimes."[8]  *United States v. Rosemond*, 958 F.3d 111, 119 (2d Cir. 2020).  It does not protect against the activity Plaintiff challenges here—the alleged false arrest and unreasonable seizure of property.  *See Campbell v. City of Clarksdale, Miss.*, No. 08-CV-225, 2011 WL 2604739, at *1 (N.D. Miss. June 30, 2011) (holding the Sixth Amendment "affords no protection from illegal arrest and detention").  Instead, a "§ 1983 claim for false arrest[] rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures." *Kee v. City of N.Y.*, 12 F.4th 150, 158 (2d Cir. 2021) (internal quotations omitted); *see Dufort v. City of N.Y.*, 874 F.3d 338, 355 n.7 (2d Cir. 2017) ("The forcible detention of plaintiff without probable cause is conceptualized as a false arrest claim under the Fourth Amendment for § 1983 purposes" (citing *Wallace*, 549 U.S. at 388-89)).  A Section 1983 claim asserting that property was unreasonably seized is likewise governed by the Fourth Amendment.  *See Carroll v. Cty. of Monroe*, 712 F.3d 649, 651-53 (2d Cir. 2013) (holding that unreasonable seizure claims require "the nature and quality of the intrusion on the individual's Fourth Amendment interests" to exceed the government's interest under the totality of the circumstances (internal quotations omitted)); *Phelan v. Sullivan*, 541 F. App'x 21, 24 (2d Cir. 2013) (reviewing unreasonable seizure claim under Fourth Amendment framework); *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 185-87 (2d Cir. 2004) (same); *see also United States v. Cosme*, 796 F.3d 226, 236 (2d Cir. 2015) ("We conclude that the continued seizure of Cosme's accounts violated the Fourth Amendment.").

---

[8] The Sixth Amendment provides that

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

In brief, Plaintiff "does not allege any denial of access to the courts or right to counsel in a criminal proceeding or any other right that would implicate the Sixth Amendment." *Bussey*, 419 F. Supp. 2d at 586. Accordingly, Plaintiff's Sixth Amendment claims are futile.[9] *See Pittman v. Edwards*, No. 20-CV-319, 2020 WL 4194479, at *9 (N.D.N.Y. June 22, 2020) (recommending dismissal of Sixth Amendment claim because the allegations failed to "specify how [plaintiff's] Sixth Amendment rights were violated"), *report and recommendation adopted*, 2020 WL 4192547 (N.D.N.Y. July 21, 2020); *Scull v. Hennegan*, No. 15-CV-00309, 2016 WL 3365328, at *4 (W.D.N.Y. Apr. 26, 2016) (recommending dismissal of Sixth Amendment claim because plaintiff's allegations did not "implicate the Sixth Amendment"), *report and recommendation adopted*, 2016 WL 3349327 (W.D.N.Y. June 16, 2016); *Campbell*, 2011 WL 2604739, at *1 (dismissing Sixth Amendment claim because it was premised on conduct protected by the Fourth Amendment).[10]

## C.   Dismissal Of Claims Against The SCPD

Given that Plaintiff is proceeding *in forma pauperis*, the Court is required to "dismiss the case" to the extent the Court determines the action "fails to state a claim on which relief may be granted."[11]  28 U.S.C. § 1915(e)(2)(B)(ii).  Because Plaintiff is incarcerated and seeks redress against

---

[9]  The Complaint alleges Detective Stapleton falsely "stated in his report that the plaintiff 'was found to be in possession of a quantity of heroin.'" Compl. ¶ 8 (quoting *id.* at 11-12). If credited, that allegation could support a Sixth Amendment claim. *See Miller v. Terrillion*, 391 F. Supp. 3d 217, 222 (E.D.N.Y. 2018) ("Allegations that a criminal charge arose out of a police officer's false statements support a fair trial claim, independent of any false arrest claim, even where the case did not ultimately proceed to trial" (collecting cases)). But Plaintiff's allegation quotes two arrest reports for Christina Delciello, which are attached to the Complaint, that do not even mention Plaintiff. *See* Compl. at 11-12. The Court rejects Plaintiff's mischaracterization of the arrest reports. *See, e.g., Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) (per curiam) (rejecting complaint's allegations as undermined by its attachments); *Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 141 (E.D.N.Y. 2015) (same).

[10]  *See also Dufort*, 874 F.3d at 355 n.7 (limiting Section 1983 claim asserting arrest lacked probable cause to relying on the Fourth Amendment); *Hicks v. Anne Arundel Cnty.*, No. 20-CV-0022, 2020 WL 7624773, at *12 (D. Md. Dec. 22, 2020) (dismissing Sixth Amendment claim because allegations did not "fit within the scope of the Sixth Amendment").

[11]  In cases without a plaintiff proceeding *in forma pauperis*, the court has the discretion to dismiss such claims. *See Muka v. Murphy*, 358 F. App'x 239, 241 (2d Cir. 2009) ("A district court's ability *sua sponte* to dismiss a complaint that lacks a basis in law or fact is well-established."); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a frivolous complaint *sua sponte*" and affirming such a dismissal);

a governmental entity (SCPD) and its deceased employee (Detective Stapleton), the Court is similarly required to dismiss "any portion" of the action that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Consistent with those obligations, the undersigned recommends the Court *sua sponte* dismiss Plaintiffs' claims against the SCPD because the SCPD cannot be sued.

"Under New York law, a municipal police department has no separate legal identity apart from the municipality that created it, and is thus a non-suable entity."  *Parra v. City of White Plains*, 48 F. Supp. 3d 542, 547 n.1 (S.D.N.Y. 2014) (dismissing claims against White Plains Police Department); *see Henry v. Cnty. of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (affirming dismissal of claims against Nassau County Police Department because it is a non-suable entity).  Accordingly, the SCPD is "merely an administrative arm of a municipality— Suffolk County—and . . . therefore, cannot sue or be sued." *Young v. Suffolk Cnty.*, 922 F. Supp. 2d 368, 394 n.11 (E.D.N.Y. 2013) (internal quotations and alterations omitted).  The SCPD should therefore be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  *See Paulette v. Suffolk Cnty. 5th Precinct Police Dep't*, No. 22-CV-2913, 2022 WL 2803360, at *3 (E.D.N.Y. July 18, 2022) (*sua sponte* dismissing Section 1983 claims against the SCPD on these grounds); *Brooks v. Suffolk Cnty. First Precinct*, No. 21-CV-4546, 2021 WL 5139075, at *2 (E.D.N.Y. Nov. 4, 2021) (same); *Sturgis v. Suffolk Cnty. Jail*, No. 12-CV-5263, 2013 WL 245052, at *2, *6 (E.D.N.Y. Jan. 22, 2013) (same).

### D.    Claim Against Suffolk County

Courts dismissing a *pro se* plaintiff's claims against the SCPD often evaluate whether the plaintiff pled a viable claim for municipal liability against Suffolk County (provided Suffolk County is not already a defendant).  *See Paulette*, 2022 WL 2803360, at *3; *Brooks*, 2021 WL 5139075, at *3;

---

*SPA 79 D L.P. v. Nat'l Credit Union Admin.*, No. 20-CV-301, 2022 WL 4126049, at *2 n.1 (E.D.N.Y. Sept. 9, 2022) (Brown, J.) ("[T]he Court hereby, *sua sponte*, dismisses the ninth cause of action as without basis in law.").

*Sturgis*, 2013 WL 245052, at *3-4. The undersigned follows that approach and concludes Plaintiff

has not stated a viable claim for municipal liability.

A claim for municipal liability under Section 1983 must comply with *Monell v. Dep't of Soc.*

*Servs. of City of New York*, 436 U.S. 658 (1978) and its progeny. "*Monell* expressly prohibits

*respondeat superior* liability for municipalities . . . meaning that a plaintiff must demonstrate that

'through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.'"

*Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97-98 (2d Cir. 2020) (quoting *Bd. of the Cty. Comm'rs*

*v. Brown*, 520 U.S. 397, 404 (1997)). This requires Plaintiff to "show that he suffered the denial of a

constitutional right that was caused by an official municipal policy or custom." *Frost v. New York*

*City Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020) (internal quotations omitted). A policy or custom

may be established by any of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by
> government officials responsible for establishing the municipal policies that caused the
> particular constitutional deprivation in question; (3) a practice so consistent and
> widespread that, although not expressly authorized, constitutes a custom or usage of
> which a supervising policy-maker must have been aware; or (4) a failure by policymakers
> to provide adequate training or supervision to subordinates to such an extent that it
> amounts to deliberate indifference to the rights of those who come into contact with the
> municipal employees.

*Alwan v. City of New York*, 311 F. Supp. 3d 570, 578 (E.D.N.Y. 2018) (internal quotations omitted); *see Ying*

*Li v. City of New York*, 246 F. Supp. 3d 578, 636 (E.D.N.Y. 2017) (similar).

"[A] single incident alleged in a complaint, especially if it involved only actors below the

policy-making level, does not suffice to show a municipal policy." *Guillette v. Burlington Police*

*Dep't*, No. 21-1676, 2022 WL 2208122, at *1 (2d Cir. June 21, 2022) (quoting *Ricciuti v. N.Y.C.*

*Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)); *Paulette*, 2022 WL 2803360, at *3 (quoting

*DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)). Consistent with that principle, the Second Arrest

represents at most "a single incident of a constitutional violation" that, given the dearth of allegations

about an underlying municipal policy or custom, cannot support a *Monell* claim.[12]  *Mitchell v. City of N.Y.*, 841 F.3d 72, 80 (2d Cir. 2016) (internal quotations omitted) (affirming dismissal of *Monell* claim premised on plaintiffs' arrest); *see Miller v. Terrillion*, 391 F. Supp. 3d 217, 227 (E.D.N.Y. 2019) (dismissing *Monell* claim because a single arrest by an officer not alleged to be a policy maker cannot confer municipal liability); *Williams v. City of New York*, No. 14-CV-5123, 2015 WL 4461716, at *7 (S.D.N.Y. July 21, 2015) (dismissing *Monell* claim because "[a]t bottom, the Complaint alleges that, at one particular place and time, NYPD officers used excessive force in falsely arresting one criminal suspect").  In short, Plaintiff has not pled a *Monell* claim because "even affording the *pro se* complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by a policy or custom of Suffolk County."  *Paulette*, 2022 WL 2803360, at *3; *see Brooks*, 2021 WL 5139075, at *3 ("When liberally construing the Complaint, there are no factual allegations that a municipal policy or custom existed which caused the alleged constitutional deprivations Plaintiff complains of."); *Sturgis*, 2013 WL 245052, at *4 ("Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed that caused the alleged constitutional deprivations of which plaintiff complains, it fails to state a Section 1983 claim against [Suffolk] County.").

---

[12] The Complaint's allegations of wrongdoing dating back to 1979 by Rochester Police and New York State have no bearing on the existence of a Suffolk County policy or custom.  *See* Complaint ¶¶ 12-14.  In addition, the untimely First Arrest allegations, even if considered together with the Second Arrest allegations, fall short of adequately alleging that Suffolk County had the requisite policy of effectuating false arrests and/or unreasonably seizing property.  *See, e.g.*, *Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (affirming dismissal of *Monell* claim where plaintiff "identifie[d], at most, only four examples" of constitutional violations because "[t]his evidence falls far short of establishing a practice that is so 'persistent or widespread' as to justify the imposition of municipal liability" (citation and internal quotations omitted)).

## IV.    CONCLUSION

For the reasons set forth above, the Court recommends, consistent with 28 U.S.C. Section 636(b)(1), that the Motion be DENIED WITH PREJUDICE and that the claims against the SCPD be DISMISSED WITH PREJUDICE.

## V.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  **Defendants shall serve a copy of this Report and Recommendation on Plaintiff and file proof of service by February 14, 2023**.   Any requests for an extension of time for filing objections must be directed to District Judge Gary R. Brown.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED:**

Dated:  Central Islip, New York
           February 8, 2023

s/ Lee G. Dunst
_____
**LEE G. DUNST**
United States Magistrate Judge